May Term,
1853.

Priddy
v.
Dodd.

PRIDDY v. DODD.

On a motion for a new trial on the ground that certain facts can be proved by an absent witness, the affidavit of the witness should be produced if it be practicable to obtain it.

At the close of the evidence in a cause, the plaintiff's counsel addressed the jury without any restraint as to time. The defendant's counsel having declined to reply, the plaintiff claimed the right to close the argument, which, upon objection being made, the Court refused to permit. *Held,* that in the consumption of time in the argument of causes, much must necessarily be left to the discretion of the judge sitting at the trial, and that discretion not appearing in this case to have been abused, *held,* that the ruling of the Court should not be disturbed.

Where the error assigned is the overruling of a *motion* for a new trial, no points will be regarded by the Supreme Court as arising in the record, which were not made in the Court below.

*Wednesday, May 25.*

APPEAL from the *Huntington* Circuit Court.

STUART, J.—*Priddy* brought replevin against *Dodd* for a horse. Plea, property in the defendant. Replication, that the property was not, at, &c., the property of the defendant, but of the plaintiff, &c., concluding to the country. On this issue the cause was submitted to a jury. Verdict and judgment for the defendant.

A motion for a new trial made at the proper time was overruled. The evidence is all set out in a bill of exceptions.

The plaintiff rested his motion for a new trial solely on his own affidavit, setting out for cause, &c., that he was taken by surprise by the evidence of one of the defendant's witnesses; that he could successfully contradict said witness by one *Henry Ewbank;* that *Ewbank* lived in *Huntington* county, and could be readily procured in case a new trial was granted, &c. There was no affidavit of *Ewbank* as to what he would swear in contradiction of the witness in question, though *Ewbank* seems to have been present at the trial; for, in another part of the bill of exceptions, it appears he was called as a witness for the defendant, and testified that he knew nothing about the matter.

The motion for a new trial was correctly overruled,

May Term, 1853.

PRIDDY
v.
DODD.

The same point has been decided at least twice by this Court. 3 Blackf. 304.—4 Blackf. 308. In the latter case, the Court in substance say: "If the plaintiff finds himself unprepared to meet the defendant's evidence, it is in his power to suffer a nonsuit. It would be giving the plaintiff too great an advantage, to permit him to take the chance of a verdict, and when it is lost, to relieve him from its consequences, and give him a chance with another jury, merely because the evidence against him was stronger than he expected." And again, "If he would satisfy the Court that the facts could be proved, he should produce the affidavit of the witnesses themselves to that effect, or account for its absence." We see no reason why this case should be made an exception to such a salutary rule.

The bill of exceptions raises a further question in relation to the order of argument. Upon the close of the evidence, the plaintiff's counsel addressed the jury without any restraint as to time. The opposite counsel declining to reply, the plaintiff claimed the right to close, which, on objection being made, the Court refused to permit. To this ruling the plaintiff excepts, as an unwarranted invasion of his rights.

We cannot so regard it. The right claimed, like many other things incident to the progress of a suit, was a matter very much in the discretion of the Court. From the state of facts disclosed in the bill of exceptions, we cannot say that the discretion was abused. The presumption is in favor of its sound exercise. Perhaps it was in accordance with one of the rules of the *Huntington* Circuit Court. If so, it was properly enforced. In the consumption of time in examining witnesses and arguing causes to the jury, much must necessarily be left to the discretion of the judge. It is peculiarly within the province of judicial discretion to see that these operations are not needlessly protracted, to the delay and detriment of other business on the docket.

There is, moreover, in this instance, a strong common sense in support of the action of the Court. The

May Term,
1853.

plaintiff had already an opportunity to present his case to the jury, which the record shows he had embraced fully, and rested. If he did not put the jury in possession of his views, it was his own fault. He has but fallen into the snare he had, perhaps, spread for his opponents. It was no invasion of the rights of any one for the Court to hold, that the struggle thus closed could not be renewed.

We have been thus particular because the point is warmly pressed by counsel. The other points raised in argument, cannot be regarded as arising in the record. They were not made below—it is too late to make them here. The verdict is not an unnatural sequence from the evidence, and should not be disturbed.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. D. Pratt*, for the appellant.

*J. R. Slack*, for the appellee.