No. 10,864.

FLOOD ET AL. *v.* JOYNER ET AL.

VERDICT.—*Practice.*—*New Trial.*—Where there is a verdict against two, and one only moves for a new trial, he can make no question as to the verdict against the other.

CONTRACT.—*Evidence.*—*Receipt.*—A receipt for money paid on contract in part performance of it can not be regarded as a written contract so as to exclude parol evidence of the contract actually made.

From the Laporte Circuit Court.

*M. Nye,* for appellants.

*W. B. Biddle* and *C. H. Truesdale,* for appellees.

FRANKLIN, C.—Appellees sued appellants for work and labor in cutting, curing and stacking hay at $1.50 per ton.

The parties agreed that the contract price was $1.50 per ton, and that one-half thereof should be paid as each 100 tons of hay was stacked; but they disagreed as to when the other half should be paid. The contract was made in the summer of 1881, and appellees insist that the second half of the contract price was to be paid on or before the 5th day of November, 1881.

The suit was commenced on the 4th day of February, 1882, and the defendants insist that by the terms of the contract the second half of the contract price was not to be paid until the hay was pressed and marketed; that this had not been done; that the whole of the first half had been paid before the bringing of the suit, and that there was nothing due the plaintiffs at the commencement of the action.

Issues were formed on the complaint; there was a trial by jury; verdict for the plaintiffs for $119.12. A motion for a new trial was made, overruled, and judgment rendered upon the verdict. The overruling of said motion is assigned as error.

The reasons stated for a new trial are that the verdict is not sustained by sufficient evidence, is contrary to law, and the damages are excessive.

Appellants insist that appellant George Flood, in the transaction, was only acting as agent for appellant William Flood, which the plaintiffs well knew; that the finding of the jury and the judgment, as to him, if not as to William, are wrong, and that a new trial ought to be granted for that if for no other reason.

The motion for a new trial was only made by William; George was not a party to it, nor did he in any way object to the verdict of the jury, and he can not now be heard to make objection. The judgment may be wrong against him, but in this appeal William can not take advantage of any error that may have been committed against George; that objection does not appear to have been made in the court below, and can not for the first time be made here. *Priddy* v. *Dodd*, 4 Ind. 84; *Buell* v. *Shuman*, 28 Ind. 464; *Rardin* v. *Walpole*, 38 Ind. 146; *Feeney* v. *Mazelin*, 87 Ind. 226. As to William, the plaintiffs' evidence tended strongly to prove that the second half of the contract price for the labor was to be paid on or before the 5th day of November, 1881, and that the hay could have been weighed and marketed before the commencement of the action. The defendants' evidence tended equally strong to show that the second half of the agreed price was not to be paid until the hay had been marketed, and that it could not have been marketed on account of the condition of the weather and the locality of the hay, prior to the bringing of the action. Under this conflict in the evidence, this court can not weigh it and determine its preponderance.

The receipt given by one of the appellees to appellant William for a part payment on the first half of the contract price,

dated in August, 1881, can not be construed to be the written contract between the parties, so as to exclude parol testimony as to what the contract was. A receipt is susceptible of explanation, and even contradiction, by parol testimony, and while the receipt was admissible evidence, as tending to prove what the contract was, it can not be regarded as the contract.

We see nothing in the evidence that requires a disturbance of the verdict and judgment on account of excessive damages.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed March 12, 1884. Petition for a rehearing overruled June 25, 1884.