Ogden *v.* Kelsey.

Filed March 4, 1892.

---

No. 305.

## Ogden *v.* Kelsey.

. Married Woman.— *Wife's Separate Real Estate.— Work Done and Material Furnished For.— When Wife Not Liable.—Sufficiency of Answer.—Argumentative Denial.—Demurrer.—Harmless Error.—*In an action to recover for work done on the defendant's real estate, a paragraph of answer was good which alleged that at the time said work was done and said materials were furnished the defendant was a married woman and that said real estate was her own separate property; that the plaintiff did said work and furnished said materials under an order from and contract with the defendant's husband, since deceased; that she in no way contracted for the performance of said work and the furnishing of said materials, but the same was the separate contract and debt of her said deceased husband, and that she had in no way made the same her separate and individual indebtedness. Even if such paragraph of answer be regarded as an argumentative denial, and its averments provable under the general denial on file, the overruling of a demurrer thereto would not be ground for reversing the judgment.

Same.—*Non-Liability of Wife.— Work Done on Husband's Credit.—Husband's Agency.—How Established.—*The fact that a married woman was the owner of the property upon which the work and materials sued for were applied would not make her liable if her husband, upon his own contract and credit alone, with the plaintiff, procured the work to be done and the material to be furnished. The law will not declare the husband to be the agent of the wife in such a case simply because of the

Ogden *v.* Kelsey.

relation between them and because of the fact that the property improved belonged to the wife. The husband's agency is, like other agencies, a matter of fact for legal ascertainment, upon all the proof.

SAME.—*Judgment in Favor of Wife.— When Will Not be Disturbed.*—Where work was done upon the separate real estate of a married woman, and it appeared from the evidence that her husband first spoke to the plaintiff about doing the work, and when done it was charged to the husband on plaintiff's books, and the evidence tended to show that the payments were made by the husband, a judgment in favor of the wife will not be disturbed.

SAME.—*Agreement Between Husband and Wife Concerning Improvements.—Admissibility of.*—In such an action it was not error to permit the defendant to testify, that there was an agreement between her and her husband, not made in the presence of the plaintiff, that certain improvements, when made on said real estate, should be paid for by the husband. This evidence was proper as tending to show that the husband was contracting with the plaintiff for himself and not for her.

NEW TRIAL.—*Newly-Discovered Evidence.—Affidavit of Witness Lacking.*—A motion for a new trial on the ground of newly-discovered evidence was properly overruled where the affidavit of the witness from whom the newly-discovered evidence was to come was not produced, and its absence was unaccounted for.

INSTRUCTIONS TO JURY.—*Absence of from Record.—Presumption.*—Where the record failed to disclose what instructions were given to the jury, in the absence of anything to show the contrary it must be presumed that the court gave to the jury all necessary and proper instructions.

From the Allen Superior Court.

*A. Zollars, S. F. Swayne* and *N. D. Doughman,* for appellant.

*J. B. Harper,* for appellee.

NEW, J.—The appellant's complaint is in three paragraphs, to recover for plumbing done on real estate belonging to the appellee.

The first paragraph is on account, for work done and materials furnished at the request of the appellee, as set out in a bill of particulars. The second paragraph is for the work and materials named in said bill of particulars, it being further alleged that the appellee was the owner of certain real estate in the city of Fort Wayne, and that for the betterment of said real estate she employed the

appellant to do the work and furnish the materials aforesaid. The third paragraph relates to the same work and materials, alleging that the appellee ordered the same, agreed to pay the appellant therefor, knew of and inspected it while the work was being done, and made no objection thereto.

A personal judgment for $250 is asked. No other relief is contemplated or demanded in either paragraph of the complaint.

An answer of two paragraphs was filed. The first was a general denial. The second was as follows:

"And for a further answer and defence the defendant says that the real estate upon which the work and labor was performed and for which the materials were furnished was and is her own separate property; that at the time said work was done and materials furnished the defendant was a married woman; that the plaintiff did said work and furnished said materials under an order from and contract with the defendant's husband, since deceased; that the defendant gave to the plaintiff no order therefor nor her consent thereto in writing; that she in no way contracted for the performance of said work and the furnishing of said materials, but the same was and is the separate contract and debt of her said deceased husband, and that she has in no way since said time made the same her separate and individual indebtedness."

A demurrer to this paragraph of the answer being overruled a reply of general denial was filed.

The cause was tried by a jury and verdict returned for the appellee. Over the appellant's motion for a new trial, judgment was rendered for the defendant for costs.

The appellant has assigned as error the overruling of the demurrer to the second paragraph of the answer and the overruling of the motion for a new trial.

It is contended by counsel for the appellant that the second paragraph of the answer is based wholly upon the

idea that the appellee is not liable for the reason that she gave no written order for the doing of the work.

Section 5123, R. S 1881 declares that:

"Whenever repairs or improvements are made on real property of the wife by order of the husband, with her consent thereto, in writing, delivered to the contractor or person performing the labor or furnishing the material, she, alone, shall be personally liable for the labor performed or the material furnished."

It would seem that in the preparation of the second paragraph of the answer this section of the statute was thought of, and that, therefore, it was, among other things, alleged that the "defendant gave no order to the plaintiff therefor nor her consent thereto in writing." But there is much more than that in the paragraph. It is alleged that the work was done and materials furnished upon the order of her husband, and upon a contract with him; that she in no way contracted for the performance of said work and the furnishing of said materials, but that the same was and is the separate contract and debt of her said husband, and that she has in no way made the same her separate and individual indebtedness.

The allegations found in the paragraph are, we think, ample to dispute, and meet the liability asserted in the complaint, express or implied. It differs materially from the paragraph of answer held to be insufficient in *Necley* v. *Searight*, 113 Ind. 316. It may be that it is an argumentative denial, and that its material averments could have been proved under the general denial, but if so the overruling of the demurrer thereto would not, on that account, be ground for reversing the judgment. *State, ex rel.*, v. *Wylie*, 86 Ind. 396; *Sohn* v. *Jervis*, 101 Ind. 578; *Leary* v. *Moran*, 106 Ind. 560.

Each paragraph of the complaint alleges, in substance, an employment of the appellant by the appellee to do the work and furnish the materials sued for.

A contract, in legal contemplation, is an agreement between two or more parties, for the doing, or the not doing, of some particular thing. The contract or agreement may be express or implied; express when it consists of words written or spoken, expressing an actual agreement of the parties; implied, when it is evidenced by conduct manifesting an intention of agreement. When the contract is not implied, that is, one not created or implied by law, the minds of the parties must come into complete accord, the one consenting to exactly the same thing the other does. In implied contracts, although there can not be said to be any real contract, so to speak, the conduct of the parties is of such a character that the law will treat them as dealing upon the basis of contract. In an express contract, there is a direct promise to fulfill it, and where the contract or agreement arises by implication, the law imputes a promise to fulfill the obligation.

We have thus spoken of express and implied contracts because of the allusion thereto by counsel.

It is insisted by counsel for the appellant that the judgment should be reversed upon the evidence. It is urged, that it appears from the evidence, that there was an implied, if not an express liability, resting upon the appellee to pay the appellant's demand.

The appellee was the owner of the property upon which the work and materials sued for were applied, but this would not make her liable, if, as she contends, her husband upon his own contract and credit alone with the appellant, procured the work to be done and the materials to be furnished. A stranger may improve the property of another, and yet the owner not necessarily be bound therefor. See *Bickford* v. *Dean*, 58 N. H. 185; *Bannen* v. *McCahill*, 8 N. Y. Supr. 916.

The law will not declare the husband to be the agent of the wife in such a case, simply because of the relation between them, and because of the further fact, that the

property improved belonged to the wife. The husband's agency is, like other agencies, a matter of fact for legal ascertainment, upon all the proof. Schouler Domestic Relations (4th ed.), sec. 153; *Payne* v. *Farr,* 118 Mass. 74; *Wallace* v. *Monroe,* 22 Ill. App. 602.

So far as presumptions go, if the husband expends money upon the wife's real estate, the law will presume that he does it for her benefit. 1 Washburn Real Prop. (5th ed.), 346; *Lane* v. *Taylor,* 40 Ind. 495.

It appears from the evidence, that the appellee's husband first spoke to the appellant about doing the work, and when done, it was charged to the husband on the books of the appellant. The evidence also tends to show that the payments made were by the husband.

There is much conflict in the evidence as to what was said and done by the parties during the progress of the work.

Whether, upon the facts proven, the appellant was entitled to recover of the appellee, was a question to be determined by the jury upon proper instructions from the court. The record does not disclose what instructions were given to the jury. In the absence of anything to show the contrary, we must presume that the court gave to the jury all necessary and proper instructions. *Ford* v. *Ford,* 110 Ind. 89; *Lehman* v. *Hawks,* 121 Ind. 541.

There was evidence tending to sustain the verdict. Whenever there is evidence fairly tending to sustain the verdict on every material point, it will not be disturbed by this court, although there may be conflict and apparently a preponderance against the verdict. This rule has been so often declared that the reason upon which it is founded, and the authorities in support of it, need not be given.

Newly-discovered evidence is one of the grounds assigned for a new trial. The motion was supported by the affidavit of the appellant, but the affidavit of the witness

from whom the newly discovered evidence was to come, was not produced, nor was the absence of such affidavit accounted for. *Priddy* v. *Dodd,* 4 Ind. 84; *Gibson* v. *State,* 9 Ind. 264; *Shipman* v. *State,* 38 Ind. 549; *Hill* v. *Roach,* 72 Ind. 57; *Gardner* v. *State, ex rel.,* 94 Ind. 489; *Quinn* v. *State,* 123 Ind. 59.

It was also urged as a reason for a new trial that the appellee was permitted to testify over the objection of the appellant that there was an agreement between the appellee and her husband—not made in the presence of the appellant—that certain improvements on the property, when made, should be paid for by the husband.

This evidence was proper as tending to show that the husband was contracting with the appellant for himself, and not for her. It was entirely competent for the appellee and her husband to so agree, without consulting others and without calling upon others to hear or witness the agreement. Its weight when testified to was for the jury to determine.

No reason which we would be warranted in treating as sufficient is shown for reversing the judgment. It is therefore affirmed with costs.

Filed March 30, 1892.