HERRICK, ADMINISTRATOR, *v.* FLINN, ADMINISTRATOR.

[No. 17,805.    Filed November 24, 1896.]

APPEAL.—*Error in Finding Should be Assigned on Motion for New Trial.*—Error in the finding of the trial court, to be available on appeal, should be assigned as error on the motion for new trial.

DECEDENT'S ESTATES.—*Sale of Real Estate to Pay Debts.*—*Descent.*— Where in an action by administrator to sell real estate to pay debts, the wife and judgment creditors of one of the heirs appear and become parties to the proceedings, the judgment creditors asking that their respective liens be transferred to the proceeds of the sale, and the wife claiming that she is entitled to one-third of the surplus of the proceeds, and it is agreed in open court that the sale should take place and the rights of all parties be transferred to the fund, and the sale is accordingly made, and thereafter the wife dies, her interest, if any, in such fund does not go to her personal representative, but in accordance with section 2671, Burns' R. S. 1894, descends to her husband.

From the Wabash Circuit Court. *Affirmed.*

*Alvah Taylor,* for appellant.

*H. C. Pettit, O. H. Bogue* and *A. N. Grant,* for appellee.

McCABE, J.—The appellee, as administrator of the estate of Joseph H. Ray, deceased, filed a petition in the Wabash Circuit Court, asking an order to sell certain real estate, situate in the city of Wabash, of which said Joseph H. died seized, for the purpose of making assets to pay the debts of said decedent.

Said real estate, by law and the provisions of the will of said Joseph H., went to three of his heirs, one

of whom was his son, Webster B. Ray, who was, among others, made a party to said proceeding.

Numerous creditors of said Webster B. filed petitions, became parties to said petition to sell before any sale of the real estate, and showed that they had recovered judgments against said Webster B., and that said judgments had become liens on the interest of said Webster B. in said real estate by reason of such judgments being either rendered in the Wabash Circuit Court or by transcript thereof being filed and recorded in the clerk's office of said court. And they further showed that there would probably be a surplus of the proceeds of the sale by the administrator over and above the debts of said Joseph H. Ray, deceased; and they asked that their respective liens on Webster B. Ray's interest be transferred to his interest in the surplus of the fund arising from any sale that might be made thereof on such petition. The wife of said Webster B. appeared and became a party, showing that she was the wife of said Webster B. when his father died, and that she was still his wife and claiming as against her husband's said judgment creditors, that she was entitled to the one-third of her husband's share of the surplus of the proceeds of said sale.

It was agreed by and between all the parties in open court that the sale should take place, and the rights of all the parties in the real estate should be transferred to the fund, which was accordingly ordered by the court. The real estate was accordingly sold and the deed made on June 16, 1891.

Louisa A. Ray died on December 10, 1891, leaving surviving, her said husband, Webster B. Ray, and several children; and on February 16, 1892, appellant, George T. Herrick, was appointed administrator of the estate of said Louisa A. Ray, deceased.

Appellant was then admitted a party to said proceedings, and he filed an answer to the claims of the judgment creditors of said Webster B. Ray as to one-third of his share of the surplus of said fund, claiming that such amount of such surplus vested in said Louisa by virtue of the statute on the subject of judicial sales of real estate of a man having a wife. Burns' R. S. 1894, section 2669 (R. S. 1881, 2508).

The circuit court sustained a demurrer to the answer of the administrator of said Louisa, setting up these facts. This ruling and the finding of the court in favor of the lienholders are assigned for error. If the finding was supposed to be erroneous it should have been made a ground for the motion for a new trial, and overruling that motion should have been assigned for error; otherwise the error, if any there was in the finding, is unavailable. The circuit court overruled appellant's motion for a new trial, but such ruling is not assigned for error.

The statute referred to provides that: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise." 2669 (2508), *supra.*

Another section of the same act provides that: "If any married woman shall die, holding real property vested in her by the provisions of this act, during the

existence of the marriage in virtue of which she received the same, the whole of such real property shall descend to her surviving husband."

By agreement of the parties the court ordered all the rights of the parties in and to the real estate to be transferred from the real estate to the fund arising from the sale. So that the fund must be treated as the real estate. And, by virtue of the statute last above quoted, it must be held to descend to the husband of the deceased wife, and that her administrator had no right to it at all, even if she had been entitled to it had she lived, which we do not decide. *Summit* v. *Ellett*, 88 Ind. 227.

Therefore, the circuit court did not err in sustaining the demurrer to the answer of the administrator.

Judgment affirmed.