## Van Buskirk et al. *v.* Stover.

[No. 19,952.   Filed April 7, 1904.]

Appeal and Error.—*Assignment of Error.—New Trial.—Partition.*—Independent assignment of errors on appeal from a partition proceeding that the court erred in refusing to give appellants a trial of the issues joined on the pleadings, and in rendering judgment against appellants, over their objections, without hearing any evidence on the issues formed in said cause, can not be considered on appeal, since such questions refer to matters which must be presented to the trial court by a motion for a new trial, and the ruling of the court thereon assigned as error on appeal. *pp. 450, 451.*

Same.—*New Trial.—Partition.*—Where the issues in a partition proceeding were submitted to the court for trial, an interlocutory judgment for

partition rendered and commissioners appointed, and the report of commissioners made at the succeeding term of court, to which exceptions were filed, a motion for a new trial filed at the next term of court was too late under §570 Burns 1901. *p. 451.*

APPEAL AND ERROR.—*Partition.—Motion to Set Aside Report of Commissioners.*—Where the grounds of a motion to set aside the report of commissioners in a partition suit required proof to sustain them, and no evidence was given in support of said grounds of objection, the action of the court in overruling the motion can not be reviewed on appeal. *p. 451.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Suit by Lydia Stover against Frank Van Buskirk and others. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. R. Thornburg* and *D. L. Bishopp,* for appellants.

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellee.

MONKS, J.—This action was brought by appellee against appellants for partition of real estate. Appellants, Van Buskirk and Van Buskirk, filed an answer in two paragraphs, the first being a general denial. It was alleged in the second paragraph that said real estate could not be "partitioned without great and permanent damage to said land and to the interest of the defendants therein, and that it will be to the best interest of all the parties that a commissioner be appointed, and said real estate be sold." The other appellants, being minors, answered in two paragraphs by a guardian *ad litem,* the first paragraph being a general denial. The second paragraph of the answer of said guardian *ad litem* was substantially the same as that part of the second paragraph of Van Buskirks' answer above set out.

The transcript of the record proper shows that at the October term, 1901, of the court below, said cause was submitted to the court for trial, and the court found for the appellee, and entered an interlocutory judgment for partition, and appointed commissioners to set off to appel-

lee her interest in said land. At the January term, 1902, of said court, said commissioners filed their report showing that they had set off to appellee her share in said land, describing it. Appellants filed exceptions to said report, and moved to vacate and set the same aside. Afterwards, at the April term, 1902, of said court, said exceptions and motion to set aside and vacate said report were overruled by the court, and final judgment approving said partition rendered. At said term, on May 9, 1902, appellants, Van-Buskirk and VanBuskirk, filed a motion for a new trial, and on the same day said guardian *ad litem* of said infant appellants filed a motion for a new trial. Each of these motions was overruled by the court.

The errors assigned are: "(1) The court erred in refusing to give the appellants a trial of the issues joined on the pleadings filed therein; (2) the court erred in rendering a judgment against the appellants over their objections without hearing any evidence on the issues formed in said cause; (3) the court erred in overruling the appellants' motion to set aside and vacate the report of the commissioners in partition; (4) the court erred in overruling appellants' motion for a new trial."

In partition cases, when a party is dissatisfied with the finding of the court on the issues joined, or claims that the court erred in admitting or excluding evidence, or that the court erred in making its finding and rendering judgment without hearing any evidence on the issues formed, or has been aggrieved by any action of the court at the trial, his remedy is by motion for a new trial, as in ordinary cases. *Clark* v. *Stephenson*, 73 Ind. 489, 493, 494; §1202 Burns 1901, §1188 R. S. 1881 and Horner 1901.

The first and second errors assigned refer to matters which must be presented to the court below by a motion for a new trial, and, if such motion is overruled, by assigning said ruling as error in the court to which the cause is appealable. Said assignments of error therefore present no

question for review in this court. *Zimmerman* v. *Gawmer,* 152 Ind. 552, 554, 555; *Singer* v. *Tormoehlen,* 150 Ind. 287, 289; Elliott, App. Proc., §347. It will be observed that the issues in said cause were tried and the interlocutory judgment rendered at the October term, 1901, of the court below, while the motion for a new trial of said issues was not filed until the second term of said court thereafter.

Section 570 Burns 1901, §561 R. S. 1881 and Horner 1901, reads as follows: "The application for a new trial may be made at any time during the term at which the verdict or decision is rendered; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned." It is clear that said motion was filed too late to present any question to the trial court, and the assignment that the court below erred in overruling said motion presents no question for review in this court. *Allen* v. *Adams,* 150 Ind. 409.

The grounds of the motion to set aside and vacate the report of the commissioners, which were proper objections to said report, required proof to sustain them. The burden of making this proof was upon appellants, and the bill of exceptions does not show that any evidence was given in support of said grounds of objection. *Clark* v. *Stephenson, supra,* page 494. The record therefore does not sustain the third error assigned.

Judgment affirmed.