GEORGE ET AL. v. ROBINSON.

[No. 5,419. Filed October 13, 1905.]

1. JUDGMENT.—*Motion in Arrest.*—A motion in arrest of judgment cuts off a motion for a new trial. p. 312.

2. SAME.—*Motion in Arrest.—Use of.*—Where no substantial cause of action is shown, a motion in arrest should prevail; but if a substantial cause of action is indicated, though it may be defectively stated, a motion in arrest should be overruled, such defects being cured by the finding and judgment. p. 312.

From Superior Court of Marion County (65,499); *James M. Leathers,* Judge.

Action by Charles M. Robinson against Isaac L. George and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Salem D. Clark,* for appellants.

*Spahr & Estabrook,* for appellee.

COMSTOCK, J.—Appellee sued appellants for the sum of $284 and interest for work and labor done at their instance and request. A bill of particulars was filed with the complaint. Appellants answered by a general denial. Defendant Isaac L. George for answer alleged that after the plaintiff's cause of action accrued, and before action was brought, said defendant delivered to plaintiff, and plaintiff received in full satisfaction of said cause of action, said defendant's promissory bank note. To said paragraph of answer plaintiff replied, admitting the delivery of said note, but alleging that he was induced to accept the same by reason of false and fraudulent representations made to him by said Isaac L. George, which representations are particularly set out in the reply; that said Mrs. Isaac L. George was a party to said fraudulent representations, and connived with her husband to cheat and defraud the plaintiff out of his claim; that said Isaac L. George at the time and ever since has been wholly insolvent; that plaintiff was willing and ready to deliver up said note, and asks that the same may be canceled. The sufficiency of the reply was not questioned by demurrer. A trial by the court resulted in finding and judgment in favor of plaintiff and an order for the cancelation of the note executed to the plaintiff.

The appellants assign as error: (1) The overruling of defendants' motion to find for defendants on the evidence submitted by the plaintiff in the trial of the above cause; (2) the overruling of defendants' motion to find for the defendants on all the evidence; (3) that the finding and judgment of the court are not sustained by sufficient evidence; (4) that the finding and judgment of the court are

not sustained by the evidence; (5) that the finding and judgment are contrary to law; (6) that the finding and judgment are contrary to law and the evidence; (7) the overruling of defendants' motion in arrest of judgment.

All of the foregoing specifications of error, except the last, were properly made causes for a new trial. The motion was overruled. This action of the trial court is not assigned as error. The motion in arrest of judgment is a waiver of the motion for a new trial. It only remains, therefore, to consider the action of the court in overruling defendants' motion in arrest of judgment.

1.

The defendants moved in arrest of judgment for the reason that the plaintiff's reply to defendants' second paragraph of answer does not state facts sufficient to constitute a reply to defendants' answer. It is a well-recognized rule that if it appears that there is no substantial cause of action, upon proper motion judgment will be arrested, since such a defect can not be cured by verdict or judgment. It is equally well settled that a defective statement of a substantial cause of action is curable error, against which a motion in arrest of judgment can not avail. 2 Ency. Pl. and Pr., 798, 799. The complaint stated a substantial cause of action upon which judgment could be rendered. The reply avoids the answer by alleging fraud. It states facts connected with and relating to the facts set out in the complaint, and the court finds that the allegations of the complaint and reply to the answer of the defendants are true in substance and in fact. The averments of facts are sufficient to bar another action for the same cause. Any defects in the reply were cured by the finding and judgment. Upon the record a correct conclusion appears to have been reached.