## DAVIS v. BRYANT.

[No. 7,824. Filed February 11, 1913.]

1. APPEAL.—*Presentation of Questions for Review.—Errors Occurring During Trial.*—No question is presented on appeal by assignment that the trial court erred in overruling a motion to dismiss the action for want of certain proof, and that it erred in sustaining certain objections to questions asked a witness, since errors occurring during the trial, to be available, must be saved by assigning them as causes for a new trial. p. 344.

2. REPLEVIN.—*Action.—Necessity for Demand.*—Where the possession of goods sought to be replevied was wrongfully obtained, no demand is necessary before bringing the action. p. 344.

3. APPEAL.—*Review.—Insufficient Briefs.*—On appeal from a judgment for plaintiff in replevin, the court cannot determine if proof of a demand was necessary where appellant's brief does not contain any of the evidence in the case. p. 344.

4. APPEAL.—*Ruling on Motion for New Trial.—Waiver of Error.—Briefs.*—An assignment of error in overruling a motion for a new trial, based on the insufficiency of the evidence, will not be considered, where neither the motion nor any of its grounds are set out in appellant's brief, and no statement of the evidence is contained therein. p. 344.

From Superior Court of Marion County (78,160) ; *Charles J. Orbison*, Judge.

Action by Sanford Bryant against Sherman Davis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George M. Russell* and *R. Breckenridge Smith*, for appellant.

*James T. V. Hill*, for appellee.

HOTTEL, J.—This is an action in replevin begun before a justice of the peace.

From a judgment in appellee's favor, appellant appeals and assigns as errors:

(1) The court erred in overruling appellant's motion to dismiss for want of proof of demand; (2) the court erred in sustaining appellee's objection to questions propounded to Sherman Davis, as to whether or not he was a common

carrier; (3) the court erred in overruling appellant's motion for a new trial.

If either of the rulings of the trial court indicated by the first two of the assigned errors could be said to furnish a ground for reversible error in the form in which the questions ruled on were presented to the trial court, the manner of their presentation to this court prevents their consideration.

Errors occurring during trial must be saved by assigning them as cause for a new trial. *Rhodius* v. *Johnson* (1900), 24 Ind. App. 401, 56 N. E. 942; *Stephens* v. *Smith* (1901), 27 Ind. App. 507, 61 N. E. 745; *Martin* v. *Motsinger* (1892), 130 Ind. 555, 30 N. E. 523; *Herrick* v. *Flinn* (1896), 146 Ind. 258, 45 N. E. 187.

If the matters assigned as error are only causes for a new trial, no questions are raised. *Singer* v. *Tormoehlen* (1898), 150 Ind. 287, 289, 49 N. E. 1055; *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 365, 77 N. E. 400; *George* v. *Robinson* (1905), 36 Ind. App. 310, 312, 75 N. E. 607.

We might add, with reference to the first alleged error assigned, that the complaint in this case avers both a possession without right and an unlawful detention of the property sought to be replevied. Where the possession of the goods sought to be replevied was wrongfully obtained, no demand is necessary before the action for possession is commenced. *Ahlendorf* v. *Barkous* (1898), 20 Ind. App. 657, 659, 50 N. E. 887; *Bates* v. *State, ex rel.* (1881), 75 Ind. 463; *Robinson* v. *Skipworth* (1864), 23 Ind. 311.

Appellant has failed to set out in his brief any part of the evidence in the case, and in its absence this court cannot determine whether proof of a demand was necessary. The only questions discussed in appellant's brief under the third error assigned relate to the admission or sufficiency of the evidence, and neither the motion for a new trial nor any of its grounds

are set out in appellant's brief, nor is any of the evidence set out in such brief. These omissons, under the rules of the Supreme Court and this court, deprive appellant of a consideration of this assigned error. Clause 5, Rule 22, Supreme and Appellate Courts. See *Bartholomew* v. *Grimes* (1912), 51 Ind. App. 614, 100 N. E. 12, and authorities cited.

Judgment affirmed.

Note.—Reported in 100 N. E. 1062. See, also, under (1) 29 Cyc. 736; (2) 34 Cyc. 1406; (3) 2 Cyc. 1013. As to the demand and refusal preliminary to proceedings in replevin, see 80 Am. St. 753.