## STILZ ET AL. *v.* KETELSEN.

[No. 10,350.    Filed June 3, 1920.    Rehearing denied December 14, 1920.    Transfer denied March 11, 1921.]

1.  JUDGES.—*Change of Judge.—Statute.—Scope.*—Section 427 Burns 1914, as amended by Acts 1907 p. 108, which is §1 of an act (Acts 1905 p. 164) regulating the manner of appointing special judges to try cases in the circuit and superior court of the state, is a general statute and applies to the superior courts of Marion county, as well as to superior courts in other counties, and by implication repeals §1480 Burns 1914, §398 R. S. 1881. p. 167.

2.  JUDGES.—*Affidavit for Change of Judge.—Duty of Regular Judge.—Statute.*—An affidavit for change of judge having been filed in the Marion superior court, it was the duty of the judge before whom the cause was pending, on the failure of the parties to agree upon some one to try the cause, to nominate three competent, disinterested persons from whom a special judge should be selected as provided in §427 Burns 1914, Acts 1907 p. 108, regulating the manner of appointing special judges. p. 167.

3.  JUDGES.—*Change of Judge.—Selection of Special Judge.— Striking Names from List of Special Judges Presented.*—Where defendants filed the affidavit for change of judge, the trial court properly directed that they should be the first to strike a name from the list presented under §427 Burns 1914, Acts 1907 p. 108, from which to select a special judge. p. 167.

4.  APPEAL.—*Questions Presented.—Exclusion of Evidence.—Necessity of Offer to Prove and Exception.*—No error is presented as to the action of the trial court in sustaining objections made to certain questions asked of each of defendants, when testifying as witnesses in their own behalf, where no offer to prove is shown to have been made, and exceptions were not taken to the action of the court. p. 167.

From Marion Superior Court (88,419); *Charles F. Remy,* Special Judge.

Action by Anna Ketelsen against Fred D. Stilz and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charles T. Hanna* and *Thomas A. Daily,* for appellants.

*L. Ert Slack* and *William E. Jeffrey,* for appellee.

McMAHAN, C. J.—Section 427 Burns 1914 (Acts 1907 p. 108), the same being §1 of an act regulating "the manner of appointing special judges to try cases

1.  in the circuit and superior courts of this state," is a general statute and applies to the superior courts of Marion county the same as it does to superior courts in other counties, and by implication repeals §398 of the Civil Code of 1881, the same being §1480 Burns 1914.    The act of which §1480, supra, is a part,

2.  is a general act, not special as claimed by appellants.    The title of this act is "An act concerning proceedings in civil cases." See Acts 1881 p. 240.    Said §427, supra, being the later statute and being in irreconcilable conflict with §1480, the latter must give way.    An affidavit for change of judge having been filed herein, it was the duty of the judge before whom the cause was pending, on the failure of the parties to agree upon some one to try the cause, to nominate three competent, disinterested persons from which a special judge should be selected as provided in said §427.

Appellants' contention that §1480 Burns 1914 (§398 of the Civil Code of 1881), applies and that the cause should have been removed from the court

3.  in general term from the room in which it was pending and assigned to some one of the other rooms of said court, in accordance with the rule 4 of the superior court of Marion county, cannot prevail. The appellants having filed the affidavit for a change of judge, the court committed no error in directing that appellants should be the first to strike a name from the list presented from which to select a special judge.

Appellants contend that the court erred in sustaining objections made to certain questions asked each of them when they were testifying as witnesses in their

4.  own behalf.    No offer to prove is shown to have been made, nor were any exceptions taken to the

action of the court in sustaining such objections. No error is therefore presented in regard to such action of the court. It further appears that the appellant Stilz had already testified fully concerning the facts inquired about.

Appellants also complain of the giving and the refusal to give certain instructions. We have given thoughtful consideration to each instruction refused and to each one given. The court fully and correctly instructed the jury as to every question covered by the instructions refused. While we do not approve all of the instructions given, yet when taken and considered as a whole, no reversible error is shown.

Judgment affirmed.

Remy, J., not participating.