## CAMBLIN ET AL. *v.* METZGER.

[No. 14,331. Filed April 6, 1932.]

*John W. McElroy* and *Clem, McCrea, McElroy & Merrill,* for appellants.

NEAL, J.—This action was instituted by appellee to recover damages from appellant Camblin. The complaint was in two paragraphs. The material allegations of the complaint are as follows: On or about December 6, 1928, appellee was the owner of a Chrysler sedan, which automobile was parked along the highway known

as "United States Highway No. 31," immediately south of the intersection of the United States Highways Nos. 31 and 24, upon the land possessed by the Shell Oil Company, and approximately 10 feet west of the highway; that appellant Earl Camblin operated a Chevrolet coupe in a northerly direction upon highway No. 31; that the automobile so operated by appellant Camblin was the property of appellant Armour and Company; that Camblin was, at the time, in the employ of Armour and Company, and, while operating the car, was in the course of his employment; that appellant Camblin operated the car at a high and dangerous rate of speed when approaching the parked car of appellee, and so operated the car in such a careless and negligent manner that the same left the highway and entered the land where appellee's car was parked, and struck the same, thereby causing damage to appellee's car in the sum of $250.

The issues were closed by an answer of general denial. Trial by jury and verdict for appellee in the sum of $250. Motion for a new trial filed, overruled, exception given, and the court rendered judgment accordingly. The errors assigned are six in number; the first five are causes for a new trial, and the sixth is that the court erred in overruling appellants' motion for a new trial.

An examination of the motion for a new trial discloses the following causes: (1) "The court erred in excluding the following evidence offered by defendants. The defendants produced witness, R. L. Brown, and, in laying foundation for impeachment of witness Lewis Bell, asked Brown the question 'are you acquainted with the reputation for truth and veracity of Lewis Bell in the community in which he lives?' Objection to this answer was made by plaintiff and objection sustained, with exception duly granted defendants"; (2) "The

damages assessed by the jury are excessive"; (3) "The verdict of the jury is not sustained by sufficient evidence"; (4) "That this defendant has since the trial of said cause discovered new, competent and material evidence," etc.

We cannot consider the first five errors assigned, for the reason that a cause for a new trial cannot be assigned as an independent error on appeal. See *VanBuskirk* v. *Stover* (1904), 162 Ind. 448, 70 N. E. 520; *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 100 N. E. 1062.

The sixth assigned error, the overruling of the motion for a new trial, attempting to present the several causes as heretofore mentioned, cannot prevail in this appeal.

The alleged error occurring at the trial in that the trial court excluded certain evidence is not available. No evidence was excluded because no offer to prove was made by appellant. It is well settled that there can be no review of a ruling excluding evidence unless there is an offer to prove, though the party may have reserved an exception to such ruling of the trial court. See *Stilz* v. *Ketelsen* (1920), 75 Ind. App. 166, 129 N. E. 31; *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 147 N. E. 771.

Appellants' cause for new trial, in that damages assessed by the jury are excessive, presents, in the instant case, no question. This action is for damage to property. Section 610 Burns 1926 designates eight causes for a new trial. The fifth cause reads as follows: "Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract *or for the injury or detention of property*." (Our italics.) Appellant should have alleged the fifth cause, viz., "that the assessment of the recovery was too large," and this they

failed to do. *Chicago, etc., R. Co.* v. *Barger* (1924), 82 Ind. App. 266, 144 N. E. 646.

The evidence favorable to appellee is ample to sustain the verdict of the jury.

Appellants cannot complain of the action of the trial court in not considering under the motion for a new trial the cause that appellants have discovered new, competent and material evidence since the trial. The cause was supported only by the affidavit of appellant Earl Camblin; the affidavit of the witness to be produced, Clyde Britton, from whom the newly discovered evidence was to come, was not filed in support of the motion, nor was the absence of such affidavit accounted for in the motion or in the affidavit of appellant Camblin. Appellants' failure in the manner as stated, is fatal. *Odgen* v. *Kelsey* (1892), 4 Ind. App. 299, 30 N. E. 922, and authorities cited therein.

We find no reversible error.

Judgment affirmed.