## SINGER, ADMINISTRATOR, *v.* TORMOEHLEN ET AL.

[No. 18,231.   Filed April 19, 1898.]

APPEAL.—*Assignment of Errors.—New Trial.*— Errors that would form the basis for a new trial cannot be assigned for the first time in the Supreme Court, but should have been assigned in the lower court as reasons for a new trial.  *p. 286.*

SAME.—*Assignment of Error.*—The appellant must, by proper assignments, specify with reasonable certainty the rulings of the lower court which he desires reviewed; and no error, not so assigned, can be made available.  *p. 290.*

SAME.—*Assignment of Error.—Record.*—Where the record does not contain a demurrer, the overruling of which is alleged as error, it cannot be considered on appeal.  *p. 291.*

SAME.—*Motion to Enlarge General Finding.*—Where there has been no request for a special finding of facts, the court cannot be required to restate and enlarge its general finding so as to make a statement of facts relative to a particular question involved.  *p. 291.*

SAME.—*Assignment of Error.*—Appellant assigned as error that one John W. Tormoehlen was excluded as a witness. The part of the transcript cited by appellant's brief as supporting the alleged error, disclosed that one "John Turmail," and not "John W. Tormoehlen" was offered as a witness.  *Held,* that the alleged error was not reviewable.  *p. 292.*

SAME.—*Witness Not Permitted to Testify.—Record.*—Where the record does not disclose that the trial court was informed what was sought to be proved by a witness who was not permitted to testify, there is no available error.  *p. 292.*

From the Jackson Circuit Court.   *Affirmed.*

*Burrell & Branaman,* for appellant.

*O. H. Montgomery, Applewhite & Applewhite* and *W. H. Endebrock,* for appellees.

JORDAN, J.—Action by appellant in the lower court as the administrator of Frederick Tormoehlen against

the appellees, some of whom are the heirs of appellant's decedent, and others are creditors of George F. Tormoehlen. The purpose of the suit was to recover a judgment against said George F. Tormoehlen upon three promissory notes executed by him to appellant as administrator of said estate, and to invoke the equity powers of the court in declaring the judgment recovered to be a lien on certain lands situate in Jackson county, Indiana, which the said George F. acquired by descent from his father, appellant's intestate. Said lien the court was asked to adjudge to be a prior and superior one to the liens held by certain ones of the appellees herein, who held mortgage and judgment liens against the same lands.

An amended complaint was filed by appellant, and numerous answers by the several defendants were addressed to this complaint, wherein it was alleged, among other things, that the notes in suit were executed without any consideration whatever. Several of the appellees who held claims against George F. Tormoehlen, secured by mortgages on the lands in controversy, filed separate cross-complaints, whereby they sought to secure foreclosure of such liens. Issues were joined between the parties on these several pleadings, and a trial resulted in the court finding that the notes in suit had been executed to appellant by George F. Tormoehlen without any consideration whatever, and finding also in favor of the appellees upon the issues tendered by their several cross-complaints; and, over plaintiff's motion for a new trial, the court rendered its judgment that he take nothing under his action, and further ordered and decreed that the real estate in dispute be sold, and directed the manner in which the proceeds arising upon such sale should be applied in satisfaction of the several liens and claims held by the appellees.

Appellant has assigned in this court ten separate grounds as alleged errors on the part of the lower court:  First.  In overruling appellant's demurrer to the second paragraph of separate answer of appellees.  Second.  In overruling motion of appellant to strike out cross-complaint.  Third.  In overruling appellant's demurrer to cross-complaint.  The fourth assignment relates to a ruling of the court in refusing to permit a certain named witness to testify on the trial.  The fifth, to rejecting the evidence of a certain mentioned witness.  The sixth is in reference to excluding the evidence of another witness in relation to the consideration of one of the notes in suit.  The seventh alleges that the finding of the court is contrary to law and is not sustained by the evidence.  The eighth is based upon the decision of the court in overruling appellant's motion to restate the facts in its finding so as to show advancements made to George F. Tormoehlen by the appellant's decedent.  Ninth.  Overruling appellant's motion for judgment against George F. Tormoehlen on his default on the complaint. . Tenth.  Overruling appellant's motion for a new trial.

We can consider no questions which appellant seeks to have reviewed under his fourth, fifth, sixth and seventh specifications, because it is evident that these alleged errors would form a basis for a new trial, and therefore cannot be assigned independently as errors for the first time in this court, but in order to be available on appeal they should have been assigned in the motion in the lower court as reasons for a new trial.  This rule is one well affirmed and settled.  Elliott App. Proc., section 347.

The first assignment of error, when applied to and tested by the record, is too indefinite and un-

certain.   An examination of the record discloses that
there were numerous separate answers filed by cer-
tain appellees, which contain a second paragraph, and
equally as many demurrers filed by appellant to sec-
ond paragraphs of separate answers, all of which were
overruled by the court.   Consequently, under such
circumstances, appellant's first assignment does not in
any manner serve to apprise us as to which particular
answer it was intended to apply, and we are left to
conjecture or surmise to which one it refers.   When
an effort is made to apply an assignment of error to
the record, which must afford it support, if it thereby
becomes, or is rendered so indefinite that it cannot
with any reasonable certainty be made applicable to
the record, under such circumstances, the appellant
must necessarily fail to have the questions considered
which he seeks by such assignment to present.   *Bolin*
v. *Simmons*, 81 Ind. 92; *Peters* v. *Banta*, 120 Ind. 416;
*Robbins* v. *Masteller*, 147 Ind. 122, and authorities there
cited; *Baldwin* v. *Sutton*, 148 Ind. 591; *Collier* v. *Col-
lier, ante*, 276; Elliott's App. Proc., section 325.   It fol-
lows, therefore, that the first assignment of error is
not available for the reason that under the condition
of the record we cannot ascertain therefrom the an-
swer to which it refers.

The second and third specifications are open to the
same objections urged against the first.   It is shown
by the record that at least three separate cross-com-
plaints were filed by different ones of the appellees.
The part of the transcript to which we are referred by
counsel for appellant as disclosing the motion, and
the court's ruling thereon upon which it is sought to
base the second assignment, shows that the plaintiff
filed a motion to strike out and reject the cross-com-
plaint of the defendants, Empson, Mason, Johnson,
Hancock, and "others."   The motion which is shown

by the record to have been overruled is denominated in the entry as a "motion to strike out each paragraph of the cross-complaint herein." It is evident that the second assignment of error, and the record do not consist with each other and, under the authorities above cited, this assignment is therefore of no service to appellant.

In regard to the third assignment, we find that the record shows that plaintiff demurred to the "cross-complaint of P. B. Mathiason *et al.*," and subsequently filed a demurrer "to the cross-complaint" which the court overruled, and plaintiff excepted, but this latter demurrer does not appear in the transcript. It is so evident under this condition of the record that appellant must fail in his effort to present any question under the third assignment that nothing more need be said in respect thereto.

Appellant complains, by his eighth specification, of the action of the court in denying his motion asking that the facts be restated so as to show advancements made to George F. Tormoehlen. There was no request made by any of the parties to this action for a special finding of facts, and the finding made by the court is a general one; and under such circumstances we recognize no legitimate reasons, neither do counsel for appellant point out any, for requiring the court to enlarge its general finding so as to make a statement or finding of facts relative to the advancements mentioned.

The tenth assignment in regard to overruling appellant's motion for "judgment against George F. Tormoehlen on his default on the complaint" presents no question, for the principal reason that no such motion as the one specified appears in the record. There is a motion to the effect that the court restate its finding as to George F. Tormoehlen, etc., but this is a motion quite different from the one assigned.

The next and last assignment of error discussed by appellant is that the court erred in overruling his motion for a new trial. The only reasons assigned in this motion that can be said to have any legitimate place therein are those which allege or specify that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in excluding John W. Tormoehlen as a witness.

This last assignment in the motion for a new trial is not available. An examination of the part of the transcript to which we are cited by appellant in his brief as supporting this alleged error discloses that one "John Turmail," and not "John W. Tormoehlen," was offered as a witness on the trial, and, upon objections being made by the defendants, this witness was not permitted by the court to testify. The witness named and specified in the motion for a new trial does not correspond with, nor answer to, the one named in that part of the record to which we are referred, and under such circumstances we cannot review the alleged error. Again, if the assignment as specified in the motion for a new trial could be applied to the record, it would not be available for the reason that it is not disclosed that the trial court was informed as to what appellant expected or proposed to prove by the witness. *Cox* v. *Dill*, 85 Ind. 334; *Bauer* v. *City of Indianapolis*, 99 Ind. 56, and cases there cited; *Shepard* v. *Goben*, 142 Ind. 318.

We have carefully read and considered the voluminous evidence in this cause, and, while, as is generally the case, there is some conflict therein, still it sufficiently sustains the finding, and justified the court in rendering judgment against appellant. There is no available error shown, and the judgment is therefore affirmed.