# RICHMOND STREET & INTERURBAN RAILWAY COM- • PANY *v.* BEVERLEY.

[No. 6,207. Filed May 1, 1908. Rehearing denied October 6, 1908. Transfer denied January 14, 1909.]

1. APPEAL. — *Complaint.* — *Paragraphs.* — *Overruling Demurrer.* — *When Harmless.*—*Interrogatories to Jury.*—Where the interrogatories to the jury show that the verdict rests upon a certain paragraph of complaint, erroneous rulings as to the others will be considered harmless. p. 107.

2. TRIAL.—*Interrogatories to Jury.—Purpose.*—The office of an interrogatory to the jury is to disclose a single, primary fact within the issues, and not the ultimate fact involved in the case, inferences therefrom being for the court. p. 110.

3. TRIAL.—*Verdict.—Interrogatories.—Conflict.*—Where the general verdict and answers to interrogatories to the jury are not in irreconcilable conflict, the general verdict controls. p. 110.

4. TRIAL.—*Verdict.—Interrogatories.—Conflict.*—Conflicting interrogatories nullify each other, and do not control the general verdict. p. 110.

5. NEGLIGENCE.—*Proximate Cause.*—A wrongful act or omission constitutes actionable negligence when it is the proximate cause of plaintiff's injury; and it is the proximate cause when an ordinary person should have foreseen some injury therefrom. p. 111.

6. NEGLIGENCE.—*Question for Court.—Interrogatories to Jury.*—Whether defendant was guilty of negligence must be determined from the facts, the facts only, and not the inferences therefrom, being proper subjects for interrogatories to the jury. p. 111.

7. TRIAL.—*Interrogatories.—Probable Conduct of Passenger on Street-Car.*—Whether it was reasonably probable that a passenger upon a street-car would arise from her seat upon the conductor's giving of a signal to stop, and whether, having so arisen, she would take a position which would be rendered perilous by the stopping of the car, are not proper subjects for interrogatories to the jury, facts only being proper. p. 111.

8. EVIDENCE.—*Judicial Notice.—Whether Summer Cars are Open.*—Courts take judicial notice that the ordinary summer street-cars are open, having no enclosing sides, with seats extending crosswise, and having no guard rail preventing easy egress and ingress. p. 112.

9. TRIAL.—*Complaint.—Verdict.—Interrogatories.*—In considering the interrogatories to the jury the allegations in the complaint must be regarded as proved, where the general verdict is for the plaintiff. p. 112.

10. TRIAL.—*Interrogatories.—Place of Danger.—Street Railroads.*—Whether a passenger occupied a place of danger on a street-car is not a proper subject for an interrogatory to the jury. p. 113.

11. STREET RAILROADS.—*Sudden Stop.—Passengers.—Injury.*—Where a passenger upon a street-car was being carried past her destination, and, upon signal, the conductor caused the car to come to a sudden stop, thereby throwing such passenger, who had just arisen preparatory to alighting, to her injury, the company is guilty of negligence. p. 113.

12. NEGLIGENCE.—*When Question for Court.—Jury.*—Where different inferences may reasonably be drawn from the facts alleged to

constitute negligence the question is for the jury, otherwise for the court.   p. 114.

13.   TRIAL.—*Interrogatories.—Street Railroads.—Passengers.—Dangerous Place.—Judicial Notice.*—An interrogatory and its answer showing that it was reasonably probable that a passenger on an open street-car running twelve miles per hour, upon the giving of a signal to stop, would arise and take a position near the edge thereof, and that such position could not be considered as dangerous where the car was brought to a sudden stop, will not be permitted to control a general verdict for plaintiff, since the courts take judicial notice that such place would be dangerous under the circumstances.   p. 114.

From Hancock Circuit Court;  *Edward W. Felt,* Judge.

Action by Reba G. Beverley against the Richmond Street & Interurban Railway Company.   From a judgment on a verdict for plaintiff for $5,000, defendant appeals.   *Affirmed.*

*Robbins & Starr, Cook & Cook* and *W. H. Latta* for appellant.

*Thomas J. Study,* for appellee.

RABB, J.—Appellee sued appellant to recover for a personal injury alleged to have been caused by the appellant's negligence.   Her complaint was in two paragraphs.   The cause was put at issue, jury trial had, resulting in a general verdict in appellee's favor, and with the general verdict answers to interrogatories returned by the jury.   Motion was made by appellant for a judgment in its favor on the answers to interrogatories, which motion was overruled, and judgment rendered for the appellee on the general verdict.

The only error urged by the appellant in this court is the action of the court below in overruling its motion for judgment in its favor on the answers to interrogatories.

The answers to interrogatories clearly show that the verdict rests solely upon the second paragraph of the complaint, thus eliminating from consideration the first paragraph.

1.

The material averments of the second paragraph of the complaint are that the appellant operates a street railroad in the city of Richmond, Indiana; that appellee was a passenger upon one of its street-cars; that the car upon which she was riding was an open car; that she notified the conductor of said car of her desire to get off at a certain point, which was a usual stopping place for appellant's cars; that appellant's servants, the conductor and motorman in charge of the car, neglected to stop the same at the point where she desired to get off, but ran the car at the rate of twelve miles per hour past said point; that when she observed that the car was not going to stop at said place she immediately notified the conductor of her desire to get off, and the conductor, instead of stopping the car in the usual way in which such cars are stopped for the purpose of allowing passengers to alight, and which it is alleged could easily have been done, negligently gave the motorman what was known as the emergency signal, which required the motorman to bring the car to a sudden stop, whereupon the motorman, by his manipulation of the machinery running the car, brought the same to a sudden stop while it was running at the rate of twelve miles per hour, causing a violent lurch and backward motion to be given the car; that as soon as appellee observed the conductor reach for the rope to give the signal to the motorman, divining that the car would stop, she got up from her seat preparatory to getting off the car, and while she was in this state of readiness to alight from said car she was thrown to the street by the sudden stopping and violent jar and lurch given the car, as aforesaid, and was injured.

The following interrogatories were submitted to the jury, and answered by them as indicated. ''(4) Did plaintiff's accident occur while the car was in the act of stopping? A. Yes. (5) Was a signal given by the conductor of said car after the car had passed the Pittsburgh, Cincinnati, Chi-

cago & St. Louis Railway Company's depot for the car to stop? A. Yes." "(7) When the signal to stop was given, if you find it was given, was plaintiff sitting in the seat she had been occupying in the car? A. Yes. (8) Did the plaintiff hear said signal when it was so given? A. Yes. (9) Did plaintiff know that said signal was sounded for the purpose of having the car brought to a standstill? A. Yes. (10) Did plaintiff after said signal was given, and before the car stopped, arise from her seat and stand near the edge of said car? A. Yes. (11) If plaintiff, after the giving of the signal to stop, had remained seated until the car stopped, would she have been injured by any motion made by the car in stopping? A. No evidence." "(14) Was the position assumed by plaintiff when she arose from her seat a position which involved danger to her? A. No." "(20) How many feet did the car move from the time it began to slow up in response to said signal before it came to a complete standstill? A. Stopped suddenly." "(22) When the car slowed up and stopped, at the time alleged in the complaint, did it do so in the usual and ordinary manner? A. No. (23) Was it reasonably probable at the time and place, and under the circumstances of this cause, that plaintiff would, after said signal to stop was given, if you find it was given, arise from her seat and take a position that would be rendered perilous by the stopping of the car in the manner in which it was stopped on this occasion? A. No."

Appellant insists that the answer to the twenty-third interrogatory propounded to the jury establishes appellant's freedom from negligence proximately causing appellee's injuries complained of; that it shows that appellant's conductor in charge of the car upon which appellee was riding at the time of her injury, and who was charged in the complaint with the negligent fault causing the same, could not reasonably have anticipated that an injury would have re-

sulted from his act in causing the car to be stopped as it was.

It is the office of each interrogatory submitted to a jury to elicit a finding upon some single, primary fact within the issues, and not the ultimate fact involved in the trial. *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230.

Ordinarily the jury by the special verdict or answers to interrogatories should return only primary facts, leaving the court to draw proper inferences therefrom. *Citizens St. R. Co.* v. *Reed* (1898), 151 Ind. 396; *Sutherland* v. *Cleveland, etc., R. Co.* (1897), 148 Ind. 308; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149; *Conner* v. *Citizens St. R. Co.* (1886), 105 Ind. 62, 55 Am. Rep. 177; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311.

It is such a well-recognized rule that the general verdict will stand as against answers to interrogatories unless it appears that answers to material questions of fact and the general verdict are so inconsistent and repugnant that both cannot be true, that citation of authorities is needless.

It is said by the Supreme Court in *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95, that in an effort to reconcile the answers to interrogatories with the general verdict the court will indulge all reasonable presumptions arising within the issues against the special answers, and in favor of the general verdict. It will assume as proved all issuable facts necessary to sustain the verdict that are not specifically found to the contrary.

If the answers to interrogatories are inconsistent with each other, contradictory or uncertain, they will not control the general verdict. 2 Burns' Digest, p. 2336, §194, and cases cited.

In actionable negligence the act or omission charged must

have been the proximate cause of the injury complained of. It is such proximate cause if a person of ordinary intelligence should foresee that the act would probably result in the injury complained of, or some like injurious consequence. *Lake Erie, etc., R. Co.* v. *Charman, supra,* and cases cited. And whether a person of ordinary sagacity ought to have foreseen the probable consequence of the act is to be inferred from a consideration of all the facts and circumstances of the case, and is a question for the court, and is not a proper subject of an interrogatory addressed to a jury. It is analogous to the question of negligence, an ultimate fact to be determined by the general verdict. This is well illustrated in the cases of *Lake Erie, etc., R. Co.* v. *Charman, supra, P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, *Bessler* v. *Laughlin* (1907), 168 Ind. 38, and *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, and the cases cited and referred to in said cases, in all of which cases the court determined as a matter of law upon the facts and circumstances appearing either by the pleadings, the special findings, the answers to interrogatories, or by the evidence, as the particular case exhibited them, that the defendant charged with negligence was or was not bound to anticipate the injurious consequences of his alleged negligent act.

The interrogatories under consideration invite the jury to express an opinion as to whether it was reasonably probable that the appellee would do two things: (1) That she would arise from her seat, after the signal to stop was given and before the car stopped; (2) that, having so arisen from her seat, she would take a position that would be rendered perilous by the stopping of the car in the manner in which it was stopped. We think that the questions as to what the appellant's conductor was bound to anticipate would be the probable conduct of his passenger, and the consequent probable result of his act in stopping

the car were questions that cannot properly be decided by answers to interrogatories, but are, if specially decided at all, to be decided by the court from facts and circumstances that may be elicited by proper interrogatories submitted to the jury.

In this case the complaint avers that the car in which the appellee was riding was an open car, which, as a matter of common knowledge, we think must be understood as meaning a car without sides enclosing it, and with seats running crosswise through the car, with no guard-rail or other appliances preventing easy ingress to and egress from the car along one side thereof; that the appellee was being carried past her destination; that the car was running at the rate of twelve miles per hour; that the appellant's conductor, upon notice from the appellee that she desired to alight, gave the motorman the emergency signal which required the motorman abruptly to stop the car, which he did, and this sudden stopping of the car caused the same to give a quick, violent lurch, and a backward motion; that, at the time the signal was given by the appellant's conductor to the motorman, the appellee was sitting at the end of the seat; that she observed and understood that the conductor was giving the signal to stop the car in order that she might alight therefrom; that she at once arose from her seat and stood in readiness to alight, and was in this position when the car was so stopped; that by reason of the sudden stopping of the car, and the violent lurch and the backward motion given to it by that act, appellee was thrown to the ground and suffered the injury complained of. The answers to the interrogatories in nowise conflict with any of these facts. The general verdict finds them to be true, and in construing the answers to the interrogatories they must be taken as true.

In answer to interrogatory ten the jury say that when the signal to stop was given, and before the car stopped, appellee arose from her seat and stood near the edge of the car.

In answer to interrogatory fourteen the jury say that the position assumed by appellee when she arose from her seat was not one that involved danger to her. Whether 10. the position of the appellee on the car at the time she arose from her seat was one involving danger was an inferential fact to be determined, like other inferential facts, from all the circumstances of the situation. If the car was standing, of course it would not be a position involving danger to appellee, but if it was running at the rate of twelve miles per hour and stopped suddenly, with a violent lurch and a backward motion, then it is equally clear that it was a place of danger, and it was not for the jury by an answer to an interrogatory to draw the inference. The jury could, by answers to proper interrogatories, exhibit the facts and circumstances, and the court could say whether, under such circumstances, her position was one involving danger. Here the jury say by the facts found that the appellee stood at the edge of an open car, running at the rate of twelve 11. miles per hour; that said car stopped suddenly, with a quick, violent lurch and a backward motion, which had the effect to throw appellee violently to the ground, causing her serious injury; yet they infer from these facts that her position on the car was not one involving danger to her. The facts found to exist and the inference drawn therefrom are absolutely contradictory, and it is quite clear that by their answer to the twenty-third interrogatory they did not mean to say that the appellant's conductor could not reasonably anticipate that the moment he gave the signal for his motorman to stop the car his passenger would not arise from her seat preparatory to alighting from the car. Their answer to the interrogatory is clearly based upon their erroneous assumption that the position which their answer to interrogatory ten shows the appellee took, was not one involving danger to her.

The answer to the twenty-third interrogatory is not incon-

sistent with the fact that at the time appellant's conductor gave the signal to the motorman to stop the car he might reasonably have expected that his passenger would at once, before the stop was made, arise from her seat and take a position at the edge of the car preparatory to alighting therefrom, just as she did.

With these facts appearing, the inference necessarily follows that the conductor's act in requiring the motorman to stop the car in such a way as to produce a violent lurch and a backward motion thereof might reasonably have been expected to throw the appellee from the car, to her injury.

The judgment of the court below is in all things affirmed.

Roby, C. J., absent.    Comstock, J., not participating.

## ON PETITION FOR REHEARING.

RABB, C. J.—Appellant, in its petition for rehearing, earnestly insists that the court is in error in holding that the answer returned by the jury to the twenty-third interrogatory submitted is not in irreconcilable conflict with the general verdict.

It is true, as appellant contends, and as the authorities cited declare, that where the question of negligence depends upon facts and circumstances from which reasonable 12. men might draw different conclusions, then it is for the jury; but it is equally true that if the facts are undisputed, and of such character as to admit of but one reasonable inference, then the question is for the court.

The difficulty with this interrogatory is that, taking all the facts alleged in the complaint and those found in answer to the interrogatories to be true, and construing 13. them most favorably to the appellee, as we are bound to do, it leaves the inference that it was reasonably probable that, under the circumstances of the case, the appellee would, after the signal to stop was given, arise from her seat and take a position near the outer edge of the car.

But in the opinion of the jury this position thus taken was not one of peril, even though the car, running at the rate of twelve miles per hour, should be brought to a sudden stop by a quick, violent, backward motion. What we decide is that the jury may not infer that the position of the passenger, standing on the outer edge of the open car, is not one of peril, if the car, running at the rate of twelve miles per hour, is brought to a sudden stop by a quick, violent, backward motion, and that such position, under such circumstances, is one of peril, and that the court can say so as a matter of law, and that the jury will not be permitted to say to the contrary.