HASKELL AND BARKER CAR COMPANY *v.* BRANT.

[No. 9,300. Filed May 31, 1917. Rehearing denied October 23, 1917. Transfer denied January 16, 1918.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.*—In a servant's action against the employer for personal injuries sustained while he and other workmen were installing an electric motor, a complaint alleging that the bulb of

a drop-light, placed near the motor to furnish light for the work, was not protected in any manner so as to prevent it from being broken by an outside blow, although it could have been so protected and made safe at a small expense, that a steel punch, which under the foreman's orders was being driven with a hammer by another of defendant's workmen, slipped from his hand and struck the bulb, causing it to burst with a loud noise near plaintiff's ear, resulting in his becoming deaf, and that defendant was negligent in not providing some cover for the light, which would protect those working near it, sufficiently charges negligence on the part of the employer in failing to guard and protect the bulb, so that it would not be broken by some object striking against it, and that such negligence was the proximate cause of the injury. pp. 426, 429.

2. APPEAL.—*Answers to Interrogatories.—Scope of Review.*—In reviewing the trial court's ruling on a motion for judgment on the interrogatories, the court on appeal is limited to a consideration of the pleadings, the interrogatories and answers and the general verdict. p. 428.

3. TRIAL.—*General Verdict.—Scope and Effect.*—In an employe's action against the master for injuries resulting from the bursting of an electric light bulb, which he alleged the employer negligently failed to guard, the general verdict for plaintiff was a finding that defendant was guilty of the negligence charged and that it was the proximate cause of plaintiff's injury and that plaintiff did not know the danger surrounding him while engaged in his work on account of such negligence. p. 429.

4. MASTER AND SERVANT.—*Injuries to Servant.—Negligence of Fellow-Servant.—Liability of Master.*—Although a servant assumes the risk of injury resulting from the negligence of a fellow-servant, the master is not relieved unless the negligence of the fellow-servant was the sole cause of the injury, and did not unite to any extent with the negligence of the master. p. 430.

5. MASTER AND SERVANT.—*Injuries to Servant.—Proximate Cause.*—Where the master is negligent in providing an unguarded electric light globe to be used by his employes in the performance of their labors and at a place where it may be accidentally struck, and an explosion caused by reason of its unguarded condition, thereby endangering the workmen, such negligence is the proximate cause of an injury occasioned by the explosion, though it was caused by an accidental striking of the globe. p. 430.

6. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Verdict.—Answers to Interrogatories.*—In a servant's action against the master for injuries resulting from the explosion of an electric light bulb when struck by a metal punch, negligence being predicated on the master's failure to protect the bulb from being struck

and broken, the jury's answers to interrogatories that a coemploye of plaintiff was marking the location of holes to be drilled in the base of a motor, that the light bulb was being held in such position that he could see to do the work, that the sharp point of the punch was placed against the metal and the other end hit with a hammer, that it was necessary to do the work in this way and that the punch slipped from the hands of the man doing the marking and struck the electric light globe, are not in such irreconcilable conflict with the general verdict for plaintiff as to overrule it, since such answers do not show that the coemploye was negligent, nor show a state of facts which require the court on appeal to hold, as a matter of law, that he was negligent, nor do they show an intervening responsible cause breaking the line of causation from defendant's negligent act.  p. 431.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Herbert Brant against the Haskell and Barker Car Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Grant Crumpacker, Cornelius R. Collins* and *Jeremiah B. Collins,* for appellant.

*J. J. Watson* and *Daly & Freund,* for appellee.

IBACH, P. J.—This was an action by appellee for personal injuries.  He recovered a judgment for $300.

It is conceded that the action is based on the common-law liability, and, while the complaint is in no sense a model, we are satisfied that the averments are sufficient to charge negligence on the part of the employer in failing to guard and protect an incandescent electric light globe so that it would not be broken by some object striking against it, and that such negligence was the proximate cause of the injury.

The only error assigned by appellant for a reversal of the judgment is the overruling of its motion

for judgment in its favor upon the answers to the interrogatories notwithstanding the general verdict.

The answers to interrogatories show substantially the following facts: Appellee at the time of his employment by appellant was twenty-eight years old. For some time prior thereto he worked for the South-Shore Electric Railroad Company, both as a motorman and conductor. On the evening of January 26, 1914, he, together with other laborers, was engaged in changing an electric motor in one of appellant's shops. The necessary equipment and tools, including an electric light bulb and wiring, they obtained from one of the departments in appellant's plant and brought them all, including the motor, to the place where the particular work was to be done. One of the men engaged in the work with appellee connected up the wire and bulb in such manner that it could be moved about and furnish them light when it was needed. The bulb was a twenty-five-watt tungsten of clear glass and the ordinary type used for lighting purposes. When the workmen came to place the new motor in position, they found it necessary to drill new holes in the base in order to bolt the motor thereto. The motor was placed on the base for the purpose of marking the location of the new holes, and one of the men working with appellee was marking the holes with a center punch. While this work was progressing, the light bulb was held by another workman in such position that the man doing the marking might see to do the work. The punch used was made of steel, pointed at one end and the other end blunt. In marking the holes, the sharp point was placed at the point where the marks were required and the other end of the punch was hit with a hammer, thereby the punch was driven

into the metal base and the holes center-punched in that manner. It was necessary to do the work in this way, and while making the mark, the light bulb was so held that the man doing the marking could see that it was done properly. The man doing the marking struck the punch with the hammer and it was driven by the blow from his hand, and as it flew through the air it struck and broke the globe, making a loud report and scattering the glass about. Appellee at the time was working about the motor taking out a capscrew, with his left ear about eighteen inches from said bulb, and the noise of the bursting of the globe injured his hearing. The wire and bulb were not connected with the motor in any way and the only guard that could be used to protect the globe was a "sort of cage made of wire." The bulb which was broken was procured at one of appellant's shops and brought to the place to be used, where it was broken. Appellee was not doing anything to the wire or bulb or its connection when the bulb was broken.

It is appellant's contention that these facts fail to show any liability on its part for the injuries received by appellee, and that the proximate 2. cause of such injuries was the negligence of one of his fellow servants in allowing the punch he was using to slip from his hand, and that it was therefore error for the trial court to overrule its motion for judgment on the interrogatories and answers thereto notwithstanding the general verdict for appellee. In the solution of this question we are confined to the pleadings, the interrogatories and answers and the general verdict.

The material averments of the amended complaint are: "That a droplight was placed near the plaintiff

by the defendant, its servants and employes, having a glass globe or bulb, and attached thereto was a cord bearing a wire which conveyed the electricity to said globe or bulb, in order to furnish light for the work in which they were engaged. That said bulb or globe was not protected in any manner whatsoever so as to prevent it from being broken by an outside blow, although it could have been so protected at a very small expense and made safe to the employes working about the same. That, while so engaged installing said motor, an iron or steel punch, which was being driven by blows of a hammer by another employe of said defendant under the instruction of said foreman, flew out of said employe's hand and struck said globe or bulb which was hanging within eighteen inches of plaintiff's left ear, causing said globe or bulb to burst with a tremendous sharp sound in plaintiff's ear, thereby causing the plaintiff to become deaf. The defendant was careless and negligent in not providing some means of protecting said globe or bulb from being broken by an outside blow, and in not providing some cover for said globe or bulb to protect the employes from injury while thus working about it, and further in causing said globe or bulb to be placed so near the plaintiff's head by the defendant's foreman without providing some means of covering the same so as to prevent its being broken.

The general verdict of the jury finds the defendant guilty of the acts of negligence charged; that the plaintiff did not know or appreciate the danger surrounding him while engaged in his work on account of such negligence; and that such negligence was the proximate cause of the

injury received by plaintiff, and that he was damaged thereby.

It is appellant's position that the answers to the interrogatories show affirmatively that the negligence of the laborer operating the punch was the proximate cause of appellee's injury.

The answers to the interrogatories, however, do not negative facts which we are authorized to assume were shown by the evidence in support of the general verdict. *Lake Erie, etc., R. Co.* v. *McConkey* (1916), 62 Ind. App. 447, 113 N. E. 24; *Baker* v. *Baltimore, etc., R. Co.* (1915), 61 Ind. App. 454, 112 N. E. 27.

The rule contended for by appellant—that a servant assumes the risk of injury resulting from the negligence of a fellow servant in cases like the present—is well recognized; but, to relieve the master under this rule, it must be shown that the negligence of the fellow servant was the sole cause of the injury, and did not unite to any extent with the negligence of the master.

The law applicable to this case and using the facts shown may be stated as follows: Where the master is negligent in providing an unguarded electric light globe in a working place of his employes to be used by them in the performance of their labors and at a place where it may be accidentally struck and an explosion be caused by reason of the unguarded condition of such globe, thereby endangering such workmen, such negligence will be held to be the proximate cause of an injury to any of such workmen occasioned by the explosion, regardless of the fact that the striking of the globe was simply accidental.

The further difficulty about appellant's contention

Haskell, etc., Car Co. *v.* Brant—66 Ind. App. 424.

is that there is no answer to any interrogatory that shows that appellee's colaborer was negligent 6. in the conduct of the work at which he was engaged. Neither do the answers show such a state of facts that would require this court to say as a matter of law that such coemploye while operating the punch was negligent. On the contrary, the answers show that he was doing the work in the usual and ordinary manner, and, while so engaged, the punch when struck by the hammer escaped from his hand, struck and broke the glass globe, producing the concussion which caused appellee's injury. Neither do the answers show that such result was due to the intervention of an intervening responsible cause which broke the line of causation from appellant's negligent act, but rather the contrary conclusively appears, that the damage was caused by the unguarded condition of the electric light globe.

We are therefore unable to say that the answers are in such irreconcilable conflict with the general verdict as could not have been removed by evidence admissible under the issues, and therefore they do not override the general verdict.

The court did not err in overruling appellant's motion. Judgment affirmed.

NOTE.—Reported in 116 N. E. 337. Master and servant: relation of the proximate-cause doctrine to the rule of liability of a master for injuries to his servant caused by combined negligence of himself and a fellow servant, 16 L. R. A. 819. See under (4) 26 Cyc 1302; (5) 26 Cyc 1149.