WAGLER ET AL. v. STATE OF INDIANA, EX REL. DONALDSON ET AL.

[No. 25,060. Filed November 16, 1926. Petition for rehearing withdrawn January 25, 1927.]

1. APPEAL.—*Waiver of error by deficiencies in brief.*—Alleged error in a ruling of the court is waived where appellant's brief does not indicate, under "Points and Authorities," or otherwise, the objections to the ruling or cite authorities supporting them (Supreme Court Rule 22). p. 36.

2. APPEAL.—*Ruling on motion for new trial not presented for review.*—Error in overruling a motion for a new trial is not presented for review on appeal where appellant's brief does not set out the motion, nor specify the reasons for which a new trial was asked, nor show that an exception was reserved when it was overruled. p. 37.

3. APPEAL.—*Overruling motion to restate conclusions of law not error.*—A motion to restate conclusions of law on a special finding of facts is unknown to our practice, and hence overruling such a motion is not error. p. 37.

4. APPEAL.—*Insufficiency of evidence not presented unless evidence is recited in appellant's brief.*—Under clause 5 of Supreme Court Rule 22, no question is presented on appeal as to the sufficiency of the evidence unless appellant's brief contains a recital of the evidence so

as to present the substance thereof clearly and concisely.    p. 37.

5.   APPEAL.—*Conclusions of law not reviewed where brief does not show exceptions thereto.*—The correctness of conclusions of law will not be reviewed on appeal where appellant's brief does not show that exceptions were taken to such conclusions.    p. 37.

6.   APPEAL.—*Conclusions of law not reviewed where not assigned as error.*—The correctness of conclusions of law upon a special finding of facts will not be reviewed on appeal where not assigned as error.    p. 37.

From Fulton Circuit Court; *Reuben R. Carr,* Judge.

Action of mandate on the relation of Oscar V. Donaldson and others against Franklin C. Wagler, trustee of Pipe Creek township in Miami county and others. From a judgment for relators, the defendants appeal. *Affirmed.*

*R. J. Wildman,* for appellants.

*O. F. Rhodes,* for appellees.

EWBANK, J.—This was an action of mandamus by the appellee relators, seeking to compel appellants, the trustee and members of the advisory board of Pipe Creek township, school and civil, in Miami county, Indiana, to build a consolidated school house.   A demurrer to the complaint for alleged want of sufficient facts having been overruled, issue was joined upon an answer of denial, and, on proper request, the court made a special finding of facts and stated conclusions of law thereon in favor of relators, and rendered judgment in conformity therewith.   The defendants "filed in open court, jointly, a separate and several motion to restate the conclusions of law," which was overruled, but it does not appear in any way what the motion contained, except as recited in the foregoing quotation. Defendant's motion for a new trial was overruled, but the brief for appellants does not set out the motion, nor state the causes for which a new trial was asked, nor whether or not an exception was reserved to the ruling thereon, and does not set out the evidence nor any part of it heard by the trial court on which it based its find-

ing and decision.  Overruling the demurrer to the complaint, overruling the separate, several and joint motion to restate the conclusions of law and overruling the motion for a new trial are assigned as errors.

The complaint alleged, and the court found and recited in its special finding, among other things, that the school districts numbered one, six and seven in the south portion of Pipe Creek township had been conconsolidated, and a consolidated high school and grade school building had been erected at Bunker Hill, in the extreme southeast corner of the township, within half a mile of the township line in two directions.  That there was formerly a school building at the village of Nead, near the geographical center of the remaining portion of the township, being the north half, which comprised the four school districts numbered two, three, four and five, and that in 1920 the school building there was destroyed by fire.  That thereafter, a majority of those living in districts two, three, four and five who were entitled to vote for township trustee petitioned the trustee to abandon districts two, four and five and consolidate them with district number three in which the schoolhouse at Nead had been located, and to build a consolidated grade school building at the site of the building which had burned, and these districts were duly consolidated.  That the advisory board appropriated money and the township trustee took steps toward erecting such a building at the village of Nead on the site of the one that had burned, but, upon the expiration of the terms of the incumbent township officers and the election of appellants as trustee and members of the advisory board respectively, the appellant trustee refused to proceed further in the matter, and that now and since the spring of 1924, there are and have been no schoolhouses and no schools within the consolidated district, four or five miles square, made up of the former

districts two, three, four and five, in which there are 176 persons of school age enumerated, of whom 125 are attending schools, as against an enumeration of 227 in the consolidated district in which the township high school and grade school at Bunker Hill is located. That the school buildings in districts two, four and five have been condemned and abandoned, and (we quote from the finding) "that during the school year of 1924, all the children residing in said consolidated district comprising the former districts numbered two, three, four and five have been attending school outside of the said consolidated district; some at the town of Bunker Hill, some at the city of Peru, and some at the town of Onward, Cass county, Indiana. That some of the pupils have been conveyed, transported or hauled as far as ten miles to and from school, leaving their homes in the winter time before daylight and returning after dark," and "that said school located at the town of Bunker Hill is overcrowded and not of sufficient capacity or size to accommodate more pupils than the pupils enrolled and attending in and from the former districts numbered one, six and seven," and "that the overcrowding of the school at the town of Bunker Hill has been largely occasioned by the attendance and accommodation of the pupils of said consolidated district at Nead."

The alleged insufficiency of the complaint has been waived by the failure of counsel to indicate by the points in appellant's brief or in any manner whatever 1. the particular or particulars in which they assert or believe that it fails to state facts sufficient to constitute a cause of action, or to cite any authorities tending to show that the facts alleged therein are not sufficient. Rule 22, Supreme Court, last sentence. Ewbank's Manual (2d ed.) §§182, 188, and authorities cited.

Since the brief for appellant does not recite the mo-

tion for a new trial, nor specify the causes for which a new trial was asked, nor show that an exception 2. was reserved when it was overruled, no question is presented as to whether or not the court erred in overruling it. *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 608, 96 N. E. 708, Ewbank's Manual (2d ed.) §§181, 182a. No question is presented upon the overruling of a motion where the transcript of the record does not set out the motion nor indicate the reasons on which it was based. *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, 89 N. E. 707.

And a motion to restate the conclusions of law upon a special finding of facts is unknown to our practice, for which reason an exception to the overruling of 3. such a motion presents no question for consideration on appeal. *Delaney* v. *Gubbins* (1914), 181 Ind. 188, 195, 104 N. E. 13; *Citizens Trust Co.* v. *National, etc., Supply Co.* (1912), 178 Ind. 167, 177, 98 N. E. 865; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 241, 64 N. E. 860.

Appellants have argued at some length the alleged insufficiency of the evidence and of the special findings because, they say, the evidence failed to prove, 4. and the special findings failed to recite, certain facts which they claim were material. But neither the motion for a new trial nor any of the evidence being set out in the briefs, no question is presented as to the sufficiency of the evidence. Rule 22, clause 5, Supreme Court; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 145, 100 N. E. 145; Ewbank's Manual (2d ed.) §180.

And the brief does not show that any exceptions were taken to the conclusions of law, and, if any were taken, the assignments of errors do not suggest that the 5, 6. conclusions of law upon the facts found were erroneous, which brings the case within the principle that rulings not assigned as errors will not be

reviewed. §719 Burns 1926;. *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 558, 80 N. E. 541; *Singer, Admr.,* v. *Tormoehlen* (1898), 150 Ind. 287, 289, 290, 49 N. E. 1055; *Kelley* v. *Scanlan* (1914), 55 Ind. App. 611, 613, 104 N. E. 516.

The record and briefs failing to present any question for decision, the judgment is affirmed.