INDIANA SERVICE CORPORATION *v.* DAILEY,
ADMINISTRATOR.

[No. 12,814. Filed February 1, 1928.]

*James M. Barrett, James M. Barrett, Jr., Phil M. McNagny* and *R. Earl Peters,* for appellant.

*Simmons, Dailey & Simmons, James D. Sturgis* and *John R. Browne, for appellee.*

NICHOLS, J.—Action by appellee to recover damages from appellant for the alleged negligent killing of his deceased by an interurban car owned and operated by appellant.

It is averred that appellee's decedent, John O. Dailey, was driving and operating an automobile on the highway intersecting appellant's right of way and track at right angles, and that, as he approached the crossing

and attempted to cross over it, he was injured and killed by one of appellant's passenger cars. The specific acts of negligence averred hereinafter appear. There was a demand for $10,000 damages.

There was a trial by jury and a verdict against appellant for $3,800. Interrogatories were submitted to the jury and returned by them, along with their answers thereto, and with the general verdict, and appellant filed motion for judgment thereon notwithstanding the general verdict, and a motion for a new trial, which motions were each overruled, from which this appeal.

Appellee has called our attention to the fact that appellant's assignment of errors does not appear in its briefs. Under "errors relied upon for reversal," appellant says that the court erred in overruling its motion for judgment on the interrogatories, notwithstanding the general verdict. It appears by these interrogatories and the jury's answers thereto that the motorman on appellant's interurban car first saw the automobile of appellee's decedent when it was about 400 feet north of the crossing, at which time, the motorman threw off his power and applied his emergency brakes. He then blew a series of short blasts of the whistle, which was all he could do to avoid the collision. Appellee's decedent could not have heard the interurban car in time to have stopped his automobile before reaching the crossing. While he was at any point between the west line of state road No. 13, and the interurban tracks, he could have seen the approaching interurban car by looking toward the north, but he could not have stopped his automobile before reaching the tracks. But the location of state road No. 13 with reference to the railroad does not appear by the jury's findings, nor does such location appear in the averments of the complaint. He did not attempt to stop his automobile until he was within fifteen feet of the tracks. The whistle on the interurban

was not blown while the car was between eighty and 100 rods north of the crossing.

It is a well-established rule of law that, unless the facts found by the jury in its answers to interrogatories are so inconsistent with the general verdict that they cannot be reconciled with it under any conceivable state of facts provable under the issue, the general verdict will not be controlled by such answers, and further, that all reasonable presumptions are indulged in favor of the general verdict. We need cite no authorities to sustain this rule. It is equally well settled that any fact that might have been properly proved under the issues must be considered as proved in determining the legal effect of the special findings as against the general verdict. *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 90 N. E. 126; *Albany Land Co.* v. *Rickel* (1904), 162 Ind. 222, 70 N. E. 158.

In determining whether the answers to the interrogatories are in irreconcilable conflict with the general verdict, the court can look only to the pleadings, the general verdict and the answers to interrogatories. *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 528, 90 N. E. 76; *Haskel, etc., Car Co.* v. *Brant* (1917), 66 Ind. App. 424, 428, 116 N. E. 337.

There were four paragraphs of complaint. The first one charged that appellant negligently and carelessly ran its car over the crossing at a dangerous and reckless rate of speed without sounding the whistle or gong or giving any warning of its approach. The second paragraph had substantially the same averments as the first paragraph, with additional allegations that the view of the crossing and to the north thereof was obstructed by trees, adjacent buildings, a hill and other obstructions, of which appellant knew, and so ran its car over the crossing at a high and negligent rate of speed. The third paragraph is, in legal effect, the same

as the second. The fourth paragraph alleges that appellant negligently ran its car over the crossing at a speed of forty miles per hour without sounding the whistle or ringing the gong and without giving any warning of its approach, and that the decedent, as he drove on the crossing, did not see the crossing until it was too late to extricate himself from the danger in which he was placed, but that appellant's servants saw him in his perilous position and appreciated his danger at a time when they could have stopped the car and avoided the collision, but failed so to do. This paragraph of complaint is upon the theory of the "last clear chance," and it is apparent from the answers to interrogatories that there could be no recovery upon this paragraph; but assuming, as we do under the law, that the allegations under the other paragraphs were proved, such proof was ample to sustain the general verdict, between which, sustained by such proof, and the answers to interrogatories there was no inconsistency.

The second error relied upon for reversal is that the court erred in refusing to grant a new trial because the verdict was contrary to law. But again, appellee calls our attention to the fact that the motion for a new trial is not set out in appellant's brief, nor is the substance thereof set out. We are therefore precluded from considering the alleged error of the court in overruling it. *Wagler* v. *State, ex rel.* (1926), 199 Ind. 33, 154 N. E. 6. Even if the ruling on the motion for a new trial were properly presented, it does not appear in appellant's brief that any time was ever granted to it to file a bill of exceptions containing the evidence and proceedings of the trial or that any bill of exceptions was ever filed.

It does not appear that the instructions given by the court were in any way made a part of the record.

Even if they had been, error in giving them could be presented to this court only under the motion for a new trial in which such error must be embraced. Error in giving instructions cannot be assigned independently as a ground for reversal. No reversible error is presented.

Judgment affirmed.