BENCE *v.* DENBO.

[No. 14,582.   Filed December 8, 1932.   Rehearing denied February 22, 1933.   Transfer denied January 4, 1934.]

*Charles D. Kelso,* for appellant.

*Stotsenburg, Weathers & Minton,* for appellee.

KIME, P. J.—This was an action brought by appellee, a patient of the appellant, against the appellant, a practicing dentist, to recover damages for personal injuries received when an X-ray photographic machine fell onto the face of appellee while she was lying face upward in a dental chair, due to the negligence of appellant.

The complaint was in two paragraphs and the charge of negligence is almost identical. They are as follows:

"Plaintiff charges that the arm which supported said X-ray picture machine was so defective and out of repair as to be insufficient as to hold said picture machine in place, in this, that one of the rivets or bolts which held the parts of said arm together was so worn and defective that it would work out of its place in said arm, and thereby permit said picture machine to fall.

"Plaintiff further says that while she was so reclining in said chair, and while said machine was so suspended above her face, said picture machine, by reason of its said defective condition, said bolt or rivet worked out of its position and thereby permitted said picture machine to fall with great force and violence."

In the second paragraph of the complaint the charge of negligence was a general one:

"Plaintiff charges that said X-ray picture machine was so defective and out of repair as to be insufficient to hold said picture machine in place, in this, that one of the rivets or bolts which held the parts of said arm together and said metal brackets were worn, defective and broken so that they would not hold said picture machine in place and so as to permit said picture machine to fall.

"Plaintiff further says that while she was so reclining in said chair, and while said machine was so suspended alongside of her face, said picture machine, by reason of its defective condition, gave way and said picture machine with great force and violence fell."

Both paragraphs were answered by general denials.

A trial by jury resulted in a $3,000.00 verdict. The jury also answered 127 interrogatories. The appellant moved for judgment on the answers to the interrogatories notwithstanding the general verdict, which motion was overruled. A motion for a new trial followed, assigning these causes, which are the only ones discussed; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law; that the damages assessed by the jury are excessive; and error

in giving three instructions. Following the overruling of this motion judgment was rendered for appellee in the above amount with costs. This appeal followed, assigning as error the overruling of the two above motions.

If the jury's answers to proper and relevant interrogatories eliciting material and substantive facts are in irreconcilable conflict with the general verdict, that verdict cannot stand.

In determining the question as to whether the court erred in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict we can look only to the complaint, the answers, the general verdict, and proper and relevant interrogatories which elicited material and substantive facts, all reasonably construed as a whole.

All reasonable presumptions must be indulged in favor of the general verdict and nothing can be presumed in favor of the answers to the interrogatories. *Lake Erie & Western Ry. Co. et al.* v. *Charman* (1903), 161 Ind. 195, 67 N. E. 923; *Southern Ind. Ry. Co.* v. *Peyton, Adm'r.* (1901), 157 Ind. 690 61 N. E. 722; *Richmond, etc. Ry. Co.* v. *Beverly* (1908), 43 Ind. App. 105, 84 N. E. 558; *Indiana Service Corp.* v. *Dailey, Adm'r.* (1928), 87 Ind. App. 6, 159 N. E. 767.

From both paragraphs of complaint it was necessary only to prove that as to the first that a bolt which held an arm was so worn and defective as to permit the machine to fall, and as to the second, that the metal brackets were so worn, defective and broken as to be incapable of holding said machine in place.

The jury, by its answers to the interrogatories, found that appellant had owned this X-ray photographic

machine about three years had taken pictures of this patient's teeth before, and had had no accidents with the machine; that it was suspended from the wall and had an extension swivel and two hinged joints as part of its mechanical makeup; that there were bolts or rivets in all joints; that the eccentric and swivel joints were not broken; that the machine did fall upon appellee's face and broke her nose; that appellant or his assistant cleaned the machine daily and prior to the day of the accident had not discovered any defect.

Appellant sought to add to the above statement of facts elicited by interrogatories, facts from interrogatories calling for mixed questions of law and fact, which in fact called for nothing more or less than conclusions of law. Such interrogatories are not proper and must be disregarded. *National Exchange Bank* v. *Berry et al.* (1898), 21 Ind. App. 261 at 265, 52 N. E. 104; *Keeley Brewing Co.* v. *Parnin* (1895), 13 Ind. App. 588, 594, 41 N. E. 471; *Avery* v. *Nordyke & Marmon Co.* (1904), 34 Ind. App. 541, 558; *Clawson* v. *Black* (1923), 80 Ind. App. 111, 138 N. E. 362.

The answers to the interrogatories alone do not dispute that these very things happened. When we take the presumptions that may be indulged in favor of the general verdict we are forced to hold that the answers to the interrogatories are not in conflict with the general verdict. Remembering that there were four joints we find that the answers only eliminate two of these joints, leaving it to be presumed in favor of the general verdict that the defect was in one of the other two. *Hobbs, Adm'r.* v. *Salem-Bedford Stone Co.* (1899), 22 Ind. App. 436, 53 N. E. 1063.

The appellee, as shown by the answers and general verdict, made a perfect state of facts for the application of the doctrine of *res ipsa loquitur,* it being shown that

some bracket, rivet or bolt broke and caused the accident. In other words, the appellee established the facts of the accident itself and the jury drew the logical conclusion which was not obviated by any evidence on the part of appellant.

Even granting that appellee did not prove by direct evidence exactly how the accident happened, this does not estop a reliance upon the presumption of negligence as a fact. *Louisville & Southern Ind. Traction Co.* v. *Worrell* (1908), 44 Ind. App. 480, 489, 86 N. E. 78.

Appellant also complains of two instructions given concerning the doctrine of *res ipsa loquitur.* As indicated, this is one of the classes of cases to which this doctrine is applicable. This has been firmly and definitely decided in this state for many years. It seems that a reiteration is mere surplusage, as a mere casual search discloses constant application. The rule as adhered to is, "where an accident happens resulting in the injury to a person or his property, and it is made to appear that all the instrumentalities causing the accident are under the exclusive control and management of the defendant, and the accident is such as ordinarily would not occur if due care was exercised by those who have control of such instrumentalities, and the duty to exercise such care is owing the plaintiff from the defendant, then proof of the circumstances of the accident and injury resulting therefrom casts on the defendant the presumption of negligence and the burden of explaining the accident consistent with due care on his part." *Pittsburgh, etc., Ry. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 315.

The appellee by her evidence disclosed that the instrumentality was under the exclusive control of the appellant and that if due care which was owing had been exercised by the appellant the accident would not have happened. This then cast the

burden on the appellant of explaining it with the care taken by him. We think it was proper for the jury to be so instructed and the giving of these two instructions was not error. *Pittsburgh, etc., Ry. Co.* v. *Hoffman, supra.*

Another instruction complained of told the jury that where a party has evidence under his control presumably favorable to him and does not produce same, the jury has the right to presume that if produced it would have been unfavorable to that party. This instruction had reference to the failure of the appellant to produce the broken part of the machine. The evidence discloses that this broken part had been turned over to the insurance carrier of the appellant. Certainly it was under the control of appellant or his agent, and the instruction was proper.

The judgment of the Floyd Circuit Court is in all things affirmed, and it is so ordered.