Jackalyne MORRIS and Darrell Morris, Appellants–Plaintiffs,

v.

K–MART, INC., Appellee–Defendant.

No. 73A05–9209–CV–338.

Court of Appeals of Indiana, Fifth District.

Oct. 13, 1993.

John J. Sullivan, Indianapolis, for appellant.

John L. Lisher, Osborn Hiner & Lisher P.C., Indianapolis, for appellee.

BARTEAU, Judge.

Plaintiff Jackalyne Morris initiated a negligence action to recover for personal injuries sustained when she slipped and fell while shopping in a K–Mart store. She alleged that K–Mart negligently failed to maintain its floor in a safe condition. Darrell Morris, Jackalyne Morris' husband, alleged loss of consortium as a result of his wife's injuries. The cause was tried to a jury and a verdict in favor of K–Mart, Inc., was returned.

The Morrises appeal the judgment entered on the verdict contending that their tendered Instruction No. 1 was a correct statement of the law and the refusal of the trial court to give it to the jury was reversible error.

We affirm.

## FACTS

On March 30, 1987, Jackalyne Morris went to a K–Mart store to purchase wallpaper. She placed several rolls in her cart and went to the housewares department. While in that department, she stepped away from her cart to look at an item and when she returned to the cart her right foot slipped on a piece of plastic. She fell, causing injuries to her right hip and leg. She testified that the object on which she slipped was similar to the hook of a small plastic clothes hanger. She was helped to the front of the store where she gave the piece of plastic to a store employee who later identified it as a "shelf talker," a device which is attached to and suspended from a shelf to display sales goods. The K–Mart employee testified that he gave the piece of plastic to a member of K–Mart's security force and the item had been lost. Therefore, K–Mart did not introduce it at trial.

At trial, Mrs. Morris introduced a piece of plastic hanger stating that it was similar in size and color to the item causing her fall, and also introduced a drawing to illustrate the item. K–Mart introduced a "shelf talker" to illustrate to the jury the item it states was given to it by Mrs. Morris immediately after the fall.

Because the item allegedly causing the fall was not available for introduction at trial and was last in the possession of K–Mart, the Morrises submitted the following as their Tendered Instruction No. 1:

The unexplained failure of a [sic] K–Mart, Inc., to produce the object on which Jackalyne Morris allegedly fell may give rise to an inference that the production of said object would have been unfavorable to the cause of K–Mart, Inc.

The trial court refused to give this instruction and the Morrises contend that the refusal to give it was reversible error because it was a correct statement of the law.

## DISCUSSION

 The giving of jury instructions is a duty entrusted to the discretion of the court and the trial court's decision will not be disturbed except where there is an abuse of that discretion. *Underly v. Advance Mach. Co.* (1993), Ind.App., 605 N.E.2d 1186, *reh'g denied, trans. denied.* A party is normally entitled to have a tendered instruction read to the jury. We will reverse the trial court for failure to give a tendered instruction if: (1) the instruction is a correct statement of the law; (2) it is supported by the evidence; (3) it does not repeat material adequately covered by other instructions; and (4) the substantial rights of the tendering party would be prejudiced by the failure to give the instruction. *Id.* at 1191 (citing *Miller Brewing Co. v. Best Beers of Bloomington, Inc.* (1991), Ind.App., 579 N.E.2d 626, 635, *reh'g denied*).

The Morrises argue that their tendered instruction is based on Indiana Pattern Jury Instruction No. 3.11, which instruction reads as follows:

Instruction No. 3.11. Failure to Produce Evidence

The unexplained failure of a party [to testify concerning facts peculiarly within his knowledge] [to produce a witness within his control] may give rise to an inference [that had he testified] [that had the witness testified] the testimony would have been unfavorable to that party's cause.

Volume 1, Indiana Pattern Jury Instructions, Civil, 3.11, Michie Company, 1989, supplemented 1992.

 Reliance on this pattern instruction is misplaced. Its express language relates only to the testimony of a party or the failure of a party to produce a witness. Here, the defendant did not fail to produce testimony or a witness, but instead failed to produce the piece of physical evidence last known to be in its control and that the Morrises contend caused the fall. The Morrises did not argue that there was bad faith involved in the failure to produce. Consequently, we offer no opinion here on what affect, if any, the presence of bad faith would have on our analysis.

Be that as it may and assuming the tendered instruction correctly stated the law, the facts here do not support giving such an instruction. The principal issue in this case was not the exact nature of that object, but whether K–Mart knew that an object was on the floor and whether it used reasonable care in keeping its floor free of objects. The jury was instructed that K–Mart had a duty to use reasonable care and that if it breached that duty, it would be at fault. The Morrises therefore had the burden to prove that K–Mart breached that duty. The specific object on the floor did not need to be produced to meet that burden. The Morrises testified as to the size of the object and presented a sketch of the object. There was no unfavorable inference to be drawn by the failure of K–Mart to produce the *actual* piece of plastic on which Mrs. Morris slipped.

This fact situation is not akin to that in *Bence v. Denbo* (1932), 98 Ind.App. 52, 183 N.E. 326, as relied on by the Morrises. In that case, the plaintiff alleged that a defective x-ray machine caused personal injuries and the defendant failed to produce a broken part that the plaintiff needed to prove its case. In the case at bar the plaintiff did not allege the object on the floor was defective nor that a defect in the object caused the injuries. The negligence alleged was that K–Mart did not properly maintain its premises. The specific object was not necessary to establish this as the specific object was necessary in *Bence.* Neither is this case similar to *Thompson v. Thompson* (1857), 9 Ind. 323, where a lost deed, if produced, would have been evidence of proof of ownership of property, which was the issue in dispute.

Because the tendered instruction was not supported by the evidence, the trial judge did not err in refusing to give it.

AFFIRMED.

SHARPNACK, C.J., and NAJAM, J., concur.